## Fehl's Estate.

*Appeal—Auditor's finding—Insufficient evidence.*

An appellate court does not hesitate to reverse a judgment entered upon a verdict based upon insufficient evidence, and the same is true as to an auditor's findings of fact.

*Decedent's estate—Claims—Evidence.*

The recognition by decedent in her will that her estate would be indebted to her son for support rendered her in her lifetime is not sufficient to so supplement insufficient evidence of the items of a claim made by the son. The mere recognition, by the will, of the fact of indebtedness cannot excuse the claimant from proving the amount of his claim in the ordinary way or make that sufficient evidence of the same which was otherwise insufficient.

Argued April 16, 1900. Appeal, No. 71, April T., 1900, by T. M. Fehl et al., from decree of O. C. Westmoreland Co., May T., 1898, No. 15, in distribution of the estate of Elizabeth Fehl, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by BEAVER, J.

Exceptions to auditor's report. Before McCONNELL, J.

It appears from the testimony and the record that testatrix's will gave directions that her just debts and funeral expenses be paid and her will also contained, inter alia, the following provisions:

"I give and bequeath to my granddaughter, Blanche Albright, one hundred dollars, and to my son, John V. Fehl, of the city of Pittsburg, all my real, personal or mixed property until he shall have been fully paid for support he has given me, and after he shall have received full payment for the same, if any balance should remain it shall be divided share and share alike among my children. I direct that my household goods shall be sold by my executor after my decease."

The testatrix appointed her son, John V. Fehl, executor. Personal property, sold as directed by will, amounted to $260.79, but the same not being sufficient to pay the debts of the testatrix, the real estate was sold for $2,300. The executor, John V. Fehl, presented his probated account amounting in the aggregate to the sum of $1,413.75, which included money paid

602　　　　　　　FEHL'S ESTATE.

Statement of Facts—Opinion of Court below. [13 Pa. Superior Ct.

by him for taxes, doctor's bills, grocer's bills, insurance and repairs to the property of Mrs. Fehl; also help in the house and for other things needed by the mother from 1893 to the time of her death, March 12, 1897.

Exception was made by T. M. Fehl et al., to allowance of this claim. Considerable testimony was taken, it being contended by T. M. Fehl et al., that their brother, John V. Fehl, the executor, had been fully paid by his mother during her lifetime, and that this account or no part of it should be allowed to participate in the distribution of the funds now in the hands of the executor.

The auditor found from all the testimony given in the case by the witnesses who were called, and in addition thereto the will of the decedent was put in evidence, that the account of John V. Fehl against the estate of Elizabeth Fehl had been duly and legally proved and therefore the moneys in the hands of the executor after payment of the costs of the audit and the bequest of $100 to Blanche Albright should be and is allowed on account of the bill of John V. Fehl, the fund for distribution being $1,096.55.

Exceptions to the auditor's report were dismissed by the court below, McConnell, J., filing the following opinion:

If the right to recover depended on the proof offered by John V. Fehl in support of his claim, independent of the will of decedent, we would think it was insufficient, but when the will is considered in connection with this oral proof, we are unable to find that the auditor is in error. The decedent herself declares the liability of her estate for the payment of a claim of this nature, and also intimates a doubt as to whether anything will be left of her estate after such claim has been paid, for it is only " if any balance remains " after John V. Fehl has been fully paid, that exceptant is entitled to anything. The claimant—incompetent as a witness—has filed a probated account and gives in addition thereto proof by witnesses of facts tending to establish the correctness of the claim. This is not replied to by any counter proof. As much of this claim as will be paid by the fund has been regarded by the auditor as sufficiently established. He has heard the witnesses and is best able to judge of the significance of their testimony.

Under the circumstances of this case we cannot say that the auditor is wrong, and therefore, we dismiss the exceptions and confirm his report.

T. M. Fehl et al. appealed.

*Error assigned* among others was in holding that the claim made by John V. Fehl upon the fund was sufficiently proven, reciting opinion and order of the court below.

*John O. Petty*, with him *E. E. Robbins* and *Jno. E. Kunkle*, for appellants.—No doubt Mrs. Fehl intended by her will to pay her indebtedness to John V. Fehl, but she did not relieve him from proving what services he had rendered.

The support furnished by John V. Fehl must in the ordinary course of events be proved in the usual way. The burden of proof is upon the claimant and the claim must be sustained by sufficient proof. The absence of negative proof upon the part of the other parties interested is not sufficient to justify the awarding of the fund to the claim: Heffner's Estate, 134 Pa. 436.

The auditor cannot be allowed to present a finding of fact upon which to base distribution unless there is evidence to justify such finding.

What proof do we have in this case? 1. The will is offered and establishes the fact that John V. Fehl is to be paid for the support that he would render to his mother. 2. We have the evidence of Mrs. Albright, who testifies that John V. Fehl sent things to his mother and that the other sons and daughters of the decedent did the same. Also that John V. Fehl did work and furnished goods, etc., and that Mrs. Fehl had money of her own which kept her until about the time she, Mrs. Albright, left the decedent in 1893, and that the decedent gave John V. Fehl, in August, 1893, a note of $600 to secure him for such support as he would give her.

Mr. A. F. Fowler testifies that he furnished goods and did work for decedent to the amount of $181.20 and which was paid him by John V. Fehl.

John Brenizer testifies that he did work, etc., for decedent to the amount of $73.60, which was also paid by John V. Fehl.

Outside of this testimony, John V. Fehl testified in a general way, under objection as shown by the testimony, and probated

account was offered, which was objected to and which under the law is no evidence against a decedent's estate: Yearsley's Appeal, 48 Pa. 531; Hohnlin's App., 45 Pa. 343.

It has been repeatedly held that some distinct and definite form of proof is necessary to establish the validity of demands against a dead man's estate: Romig's Appeal, 84 Pa. 235; Williamson's Estate, 6 W. N. C. 471.

If there be sufficient competent evidence to support the report of the auditor, it will not be set aside because some incompetent evidence has been admitted by him, unless it is shown that he was led into specific error by that which was incompetent: Sawtelle's Appeal, 84 Pa. 306; Breneman's Estate, 65 Pa. 299.

In this case we submit there was not sufficient competent evidence to support the report of the auditor, and his opinion showed that he was led into specific error by that which was incompetent.

*H. E. Marker*, with him *C. B. Hollingsworth*, for appellee.— John V. Fehl presented a bunch of receipts for all items as claimed in his account. He was sworn as to the validity of these and nothing else. We do not see why these receipts, along with the will of Mrs. Elizabeth Fehl, deceased, should not be considered as the very best evidence of the payment of these claims for support furnished by John V. Fehl: Yearsley's Appeal, 48 Pa. 53.

An appellate court will not disturb the findings of fact, made by an auditor, and confirmed by the court below, except in case of fraud, of clear mistake, or of manifest lack of due consideration: Becker v. Yeager, 1 Pa. Superior Ct. 107; McCormick & Nevling v. McGonigal, 4 Pa. Superior Ct. 408; Davis v. Cosel, 4 Pa. Superior Ct. 519; Fritz's Estate, 3 Pa. Superior Ct. 33; Shaw's Appeal, 188 Pa. 590; Orne's Estate, 192 Pa. 626.

OPINION BY BEAVER, J., May 24, 1900:

The executor, a son of decedent, claimed the balance in his hands for distribution, after payment of a specific legacy of $100 on account of sums of money alleged to have been expended by him for the support of his mother, as contained in an account furnished by him to the auditor. All of the items

in said account were for moneys alleged to have been paid to third parties and were capable of specific proof and should have been proved by the parties to whom the payments were made respectively or by other competent testimony. Two and only two such parties were called. The payments made to them were proved to have been for and on account of the decedent. As to none of the remaining items of the so-called account was there sufficient proof. Mrs. Albright a witness, testifies in a very indefinite way as to payments by claimant of taxes, insurance, repairs, etc., and of his furnishing decedent with sundry supplies of food, etc., but the time when and to and by whom they were paid or furnished and the amount thereof is left to conjecture. Was it before or after the note for $600 was given?

The court below, in its opinion disposing of the exception to the auditor's report, says : If the right to recover depended on the proof offered by John V. Fehl in support of his claim, independent of the will of decedent, we would think it was insufficient, but when the will is considered in connection with this oral proof, we are unable to find that the auditor is in error." It is true that, when decedent's will was made nearly two years before her death, she recognized the fact that her estate would be indebted to her son for support rendered her in her lifetime, but how did the recognition of that mere fact, without in any way fixing the amount of the indebtedness excuse the claimant from proving the amount of his claim in the ordinary way or make that sufficient evidence of the same which was otherwise insufficient? The largest item in the account is without date and is for " cash paid for provisions, carpets, table linen, ware, etc., at $12.00 per month, forty-three month, $516." How does the will help to prove a lumping charge like that and dispense with proof in regard to it? The only rational explanation of such a charge is that the household supplies included therein were furnished under a special contract, at a fixed amount per month; but where is there a scintilla of evidence of such a contract?

The rule as to the conclusiveness of facts found by an auditor and approved by the court below in an appellate court so strenuously invoked by the appellee, it need hardly be remarked, relates to facts which have sufficient evidence to sup-

port them. An appellate court does not hesitate to reverse a judgment entered upon a verdict based upon insufficient evidence, and the same is true as to an auditor's findings of fact. But in this case the court below expressly finds the proof of the claimant's account insufficient, except for the evidence contained in the decedent's will. As we have already pointed out, in the very nature of the case, the will can be evidence of nothing, except of the fact or probability of the fact of some indebtedness. If decedent had died the day after the will was made, the amount of the claim would have been much less than at the end of nearly two years.

The several amounts paid by the claimant to the witnesses, Fowler, $181.20, and Brenizer, $73.60, aggregating $254.80, should be allowed him out of the balance in his hands as administrator for distribution. The balance of his account, being insufficiently proved, should be disallowed, and the balance in his hands appropriated by the auditor to his account, after deducting the said sum of $254.80, should be distributed to and among those entitled to receive the same, under the terms of the will of the decedent.

The decree of the court below is reversed, the exceptions to the auditor's report sustained, except as to the sum of $254.80 above mentioned, and the record is remitted in order that distribution may be made in accordance with this opinion.